U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Janice Walker, Debtor | : | Bankruptcy No.: 10-12592 |
| | : | |

**OBJECTION TO FALSE PROOF OF CLAIM NUMBER 10-1 FILED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J14 MORTGAGE PASS THROUGH CERTIFICATES**

**COME NOW** the above-named debtor, by and through its attorney of record, Stephen J. Ross, Esquire, pursuant to Rule 3001 of the Rules of Bankruptcy Procedure and respectfully objects to the Proof of Claim filed in this case by the above named Trust and in support hereof respectfully shows unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this Court on March 31, 2010.

2. The 341 meeting of Creditors was held on August 11, 2010.

3. THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J14 MORTGAGE PASS THROUGH CERTIFICATES (hereinafter "Trust") filed Proof of Claim 10-1 (hereinafter "Trust" attached hereto and marked Exhibit A) reflecting that debtors owe Trust the sum of $264,855.72 as of the date of filing.

4. Attached to proof of claim 10-1 were documents purporting to be an Itemization of Claim, a Mortgage (hereinafter "Mortgage" attached hereto and marked Exhibit B), a Note (hereinafter "Note" attached hereto and marked Exhibit C), and an Assignment of Mortgage (hereinafter "Assignment of Mortgage" attached hereto and marked Exhibit D).

5. The Itemization of Claim itemized the principal owed at $264,855.72 which included arrearages of $31,703.63.

6. The Original Mortgage and Note was purported to have originated by Allied Mortgage Group, Inc.

7. Assignment 1 purports to assign the mortgage, and not the note, to the Trust on April 15, 2009.

8. There is no attachment to the proof of claim that demonstrates where, how, or when the original note was ever transferred from Allied Mortgage Group, Inc. to the Trust, or any other entity, after the loan origination date of August 31, 2005.

10. The Debtor avers that the Trust operated under a Pooling and Service Agreement (hereinafter "PSA").

11. The Debtor avers the PSA explains how the Trust acquires mortgage loans.

12. The Debtor avers the PSA confirms the terms under which the Trust will acquire the mortgage loans that are originated before they are transferred to the Trust.

13. The Debtor avers the Trust securitized a multitude of Mortgage Loans in 2005 under the name of CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-J14 or a similar name.

14. The Debtor avers the PSA contained within the Trust had a cutoff date for accepting mortgage loans November 1, 2005.

15. The Plaintiffs allege that the PSA for the Trust mandates that in order for the Trust to have a valid and enforceable secured claim against the real property of this estate in bankruptcy the Trust must prove that it received an endorsement of the Note and physical possession of the Note prior to the Cutoff Date of the Trust on November 1, 2005.

16. As a result of this cutoff date in 2005, the Debtor alleges the Trust could not have accepted the mortgage assignment on April 15, 2009 as presented as Assignment 1 in the Proof of Claim.

17. The Debtor alleges that as a result of the aforementioned allegations in this Objection to Proof of Claim the Trust is collaterally and judicially estopped from claiming any interest in the Note that is allegedly secured by the Mortgage on the debtor's residential real estate.

18. The Debtor alleges that as a result of the aforementioned allegations in this Objection to Proof of Claim the said parties are estopped and precluded from asserting any secured or unsecured claim in this case.

19. The debtors therefore object to the filing of the said Proof of Claims.

**WHEREFORE,** the debtors pray of the Court as follows:

    A.  That the Court direct the Chapter 13 Trustee to strike proof of claim 10-1;

    B.  That Trust and Allied Mortgage, Inc. be precluded from filing any amended, modified or substitute claim in this case; and

    C.  That the debtors have such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**ROSS & SCHNARRS, P.C.**

BY:   */s/ Stephen J. Ross, Esquire*
        Stephen J. Ross, Esquire
        Attorney for Debtor
        I.D. No 92793
        152 E. High Street, Suite 100
        Pottstown, PA 19464
        610-323-5300
        SRoss@RossSchnarrs.com

Dated:  November 16, 2010